## Ellen Finty, Appellant, v. J. G. Kinder, Appellee.

### (Not to be reported in full.)

Appeal from the Circuit Court of Clay county; the Hon. Thomas M. Jett, Judge, presiding. Heard in this court at the October term, 1914. Affirmed. Opinion filed May 1, 1915. *Certiorari* denied by Supreme Court (making opinion final).

## Statement of the Case.

Bill by Ellen Finty against J. G. Kinder for specific performance of a written agreement, and for an injunction and other relief. From a judgment for defendant, plaintiff appeals.

The allegations of the bill were in substance: That plaintiff was the owner of three lots in Xenia, Illinois, on which were store buildings and warehouses, known as the ''Finty Stores;'' that defendant by contract in writing of date June 2, 1911, purchased the stock of goods in this store, and in the contract of purchase and as a part thereof was the following clause which was the foundation of this proceeding: ''At the time of the adjustment (which may be between the dates of July 5th and July 15, 1911), a regular bill of sale for said stock is to be given and a lease on the buildings in which it is located, for a term of five years, is to be made and entered into on the part of the said J. G. Kinder and Miss Ellen Finty, the owner of the property, at Seven Hundred and Eighty Dollars per annum, payable in monthly instalments of Sixty-five Dollars each, falling due on the first day of each month thereafter for the full term of the time.''

The bill alleged that defendant in pursuance of the terms of the agreement took possession of the premises July 15, 1911; that plaintiff had always been ready and willing to perform her part of the agreement to lease the premises; that she caused a draft of lease to be made and tendered to defendant July 15, 1911, but

he refused to accept the same; that defendant about December, 1913, gave plaintiff notice of his intention to vacate the premises; that defendant was a resident of the State of Missouri; that unless defendant was enjoined by order of court he would remove the remainder of his stock of goods and refuse to execute the lease, and that he was about to vacate the premises so that plaintiff would have no relief for the balance of the rent.

The prayer of the bill was for specific performance, for injunction until contract was performed and for relief.

A demurrer to the bill was overruled, the answer of defendant admitting that he entered into the contract in question; that he entered into the possession of the premises on July 15, 1911, and occupied the same until the 25th day of December, 1913; that he offered to execute a lease with plaintiff in compliance with his understanding and agreement but plaintiff refused to accept same, and by reason thereof he was discharged of any liability on that account, and that the plaintiff is barred from relief because of her laches and delay in filing the bill. Replication was filed and evidence heard in open court. There was a finding for defendant and a decree dismissing the bill for want of equity.

The written agreement between the parties containing the paragraph with reference to the leasing of these premises was for the sale of a stock of goods in the building in question sold by plaintiff to defendant and settled for by defendant. The latter took possession of the premises in question July 15, 1911, and occupied the same until December 25, 1913, and paid plaintiff each month the sum of Sixty-five Dollars as rent therefor during the time he occupied same. About the 15th day of July, 1911, plaintiff caused to be prepared a lease for said premises with the provision against subletting the premises and a provision that at the time of the termination of the lease the

fixtures were to be turned back to plaintiff in as good condition as the same were at the time of leasing, usual wear excepted. This lease was submitted to defendant and he refused to execute the same. Defendant in turn, about the same time, submitted to plaintiff a lease permitting subleasing and a clause that plaintiff was to make repairs, and providing that defendant was not to be held responsible for breakage or destruction of property and fixtures. The matter of entering into a lease was then dropped until December, 1913, when plaintiff presented the lease, omitting clauses that were before objectionable. This lease defendant refused to accept.

Kagy & Vandervort, for appellant.

James H. Smith and John L. Boyles, for appellee.

Mr. Justice Harris delivered the opinion of the court.

## Abstract of the Decision.

1. Appeal and error, § 1325*—*when only competent evidence presumed to have been considered.* It will be presumed that the trial court did not consider incompetent evidence in arriving at its conclusions where there was competent evidence to sustain the decree.

2. Appeal and error, § 1711*—*when error deemed waived.* An error in regard to the admission of incompetent evidence will be deemed waived where there is no claim made upon appeal that the court refused to admit competent evidence.

3. Specific performance, § 44*—*jurisdiction to enforce agreement to lease.* The jurisdiction of a court of equity to enforce specific performance of a contract for a lease depends upon the facts averred in the bill, and while not on the same ground that a court takes jurisdiction of a contract involving a freehold, it is upon the averments in the bill that the party entitled to possession or under the agreement is out of possession, and that to rely upon the remedy at law means endless and expensive litigation, multiplicity of suits, irreparable injury, etc., or some of those elements.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

4.   SPECIFIC PERFORMANCE, § 44*—*when agreement to lease not enforced.* Specific performance of an agreement to lease property will not be granted when the terms of the agreement are not fully and clearly stated.

5.   LANDLORD AND TENANT, § 23*—*when rights lost under agreement to lease.* One who enters into an agreement to lease property for a term of years at a stipulated monthly rental waives his rights under the agreement, where the tenant refuses to sign and accept the lease proffered by the landlord and is permitted to remain in possession upon payment of the stipulated rental.